## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RONNIE GULLY, Jr.,**

      **Plaintiff,**

**vs.**                                             **No. 17−cv−00211−DRH**

**RUSSEL GOINES,**
**DEREK HUNDLEY,**
**and C/O HOUSER,**

      **Defendants.**


## <u>MEMORANDUM AND ORDER</u>

**HERNDON, District Judge:**

Plaintiff Ronnie Gully, Jr., an inmate who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights.  In the Complaint, Plaintiff alleges that C/O Houser, C/O Hundley, and Assistant Warden Goines retaliated against him for filing grievances to complain about inappropriate sexual comments that Officer Houser made to him in July 2016.  (Doc. 1, pp. 6-11).  He brings claims against all three defendants under the First, Eighth, and Fourteenth Amendments.  (Doc. 1, p. 12).  In connection with these claims, Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.  (*Id*.).

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a

civil action in which a prisoner seeks redress from a governmental entity or Officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and the supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal. The Complaint (Doc. 1) otherwise survives screening under § 1915A.

## The Complaint

In his Complaint, Plaintiff alleges that three Lawrence officials participated in a campaign of retaliation against him after he reported being sexually harassed

by one of them in July 2016.  (Doc. 1, pp. 6-11).  Plaintiff filed grievances to complain about the incident and the conditions of his confinement beginning in mid-August.  (Doc. 1, p. 6).  In response, he was threatened by staff and issued false disciplinary tickets.  (Doc. 1, pp. 6-11).

In July 2016, an unidentified officer conducted a strip search of Plaintiff before visitation.  (Doc. 1, p. 6).  Approximately one hour into the visitation period, Plaintiff requested permission to use the restroom.  *Id*.  Officer Houser granted his request and escorted Plaintiff to the restroom.  *Id*.  Before returning to the visitation area, Officer Houser conducted another strip search of Plaintiff.  *Id*.

In the process, Officer Houser made inappropriate sexual comments to Plaintiff.  (Doc. 1, p. 6).  The officer allegedly encouraged Plaintiff to masturbate in front of him.  *Id*.  Plaintiff refused to do so, telling the officer that "he had the wrong one."  *Id*.  Plaintiff was allowed to return to the visitation area without further incident.  *Id*.

In mid-August, Plaintiff wrote a grievance to complain about Officer Houser's conduct.  (Doc. 1, p. 7).  He addressed the grievance to Warden Goines but heard nothing from the warden for "months."  *Id*.  When the warden finally responded, he appeared at Plaintiff's cell in segregation and told him that "internal affairs was looking into it."  *Id*.

In the meantime, Plaintiff received a "subtle threat" from Officer Houser. (Doc. 1, p. 7).  On August 20, 2016, Officer Houser approached Plaintiff in the

chow hall and informed Plaintiff that he "got wind of the grievances." *Id*. The officer told Plaintiff that he "was getting by, but would never get away." *Id*.

On August 22, 2016, Officer Reeves, a longtime colleague of Officer Houser, issued Plaintiff a disciplinary ticket for unauthorized movement. (Doc. 1, p. 7). Plaintiff's movement outside of his cell was allegedly lawful because he was visiting his attorney at the time. *Id*. Even so, he was found guilty of the rule violation and disciplined. *Id*. Plaintiff offers no details regarding his disciplinary hearing or punishment. *Id*.

While confined in "solitude," Plaintiff filed several grievances to complain about the conditions of his confinement. (Doc. 1, p. 7). In the same grievances, Plaintiff expressed "fear" of "more fabricated disciplinary reports." *Id*. He requested protective custody or a prison transfer. *Id*. Plaintiff filed the grievances with Warden Duncan, Warden Goines, and Lieutenant Wheeler "to no avail." (Doc. 1, p. 8).

Sarah Johnson, a member of the Administrative Review Board, received several of Plaintiff's grievance appeals between August 27, 2016 and January 25, 2017. (Doc. 1, pp. 7-8). She indicated that each grievance would be investigated by internal affairs. (Doc. 1, p. 8). Plaintiff was interviewed prior to his release from segregation, but his request for protective custody or a prison transfer was denied. *Id*. The internal affairs officers told Plaintiff "not to worry" about his reintegration into the general population because he "would be fine." *Id*.

After returning to the general population, Plaintiff had several "run-ins" with Officer Houser. (Doc. 1, p. 8). The officer initially seemed to follow or stalk Plaintiff and then began making more overt threats toward him. *Id*. On November 15, 2016, the officer conducted a "harassing" pat down of Plaintiff in his cell. *Id*. Plaintiff requested permission to speak with a crisis team, counselor, and/or zone lieutenant. *Id*. Plaintiff was then transferred to a different area of the prison on November 26, 2016. (Doc. 1, p. 9).

On November 28, 2016, Officer Hundley approached Plaintiff and said that "he's been hearing [Plaintiff's] name throughout the institution." (Doc. 1, p. 9). Officer Hundley asked Plaintiff to tell him about his problems with Officer Houser before commenting that Plaintiff "din't (sic) understand the can of worm's [he'd] opened by fucking with (Houser)." *Id*. Officer Hundley warned Plaintiff to "lay off him or he'd make [Plaintiff's] life a living hell." *Id*.

The following day, Officer Hundley called Plaintiff out of his cell for a medical sick call pass. (Doc. 1, p. 9). While escorting Plaintiff back to his cell, Officer Hundley suddenly exclaimed in a loud voice, "[I]f you ever do that again I'll walk your ass, no you know what pack your shit your going to seg (sic)." (Doc. 1, p. 9). Plaintiff asked the officer to explain what he was talking about. *Id*. Officer Hundley then accused Plaintiff of elbowing him. *Id*. Plaintiff was taken to segregation and issued a disciplinary ticket for assaulting an officer. *Id*. This offense allegedly carries significant penalties "consistent with a new criminal charge." (Doc. 1, pp. 9-10). Penalties include up to three years of additional time

in custody, one year of lost privileges and good time, and one year of solitary confinement.  *Id*.

On December 8, 2016, Plaintiff was interviewed by internal affairs.  (Doc. 1, p. 10).  The officers indicated that the ticket was "faulty and unrealistic."  *Id*. They told him "not to worry" because they would recommend dismissal of the ticket.  *Id*.   Plaintiff was released from segregation the following day.   *Id*. However, he discovered that his personal property items, which were inventoried by Officer Hundley, were missing.  *Id*.

On December 12, 2016, Plaintiff was found guilty of insolence.  (Doc. 1, p. 10).  It is unclear whether this guilty finding related, in any way, to the incident involving Officer Hundley or was an entirely separate incident.  *Id*.   Plaintiff was punished with a loss of gym, commissary, phone, job, and transfer privileges.  *Id*. This was particularly harsh punishment for Plaintiff, given that it occurred just before the holiday season.  *Id*.   Plaintiff filed a grievance to complain about the guilty finding for a rule violation he was never charged with in the first place.  *Id*. He characterized it as "retaliatory."  *Id*.

Plaintiff has since been "continuously . . . harassed [and] threatened with physical violence due to [his] perpetual filing of grievances."  (Doc. 1, p. 9).  He has kept a log of these incidents.  (Doc. 1, p. 10).  His exhibits include a number of grievances addressing the allegations of harassment and retaliation already described herein.  (Doc. 1-2, pp. 1-59).

Plaintiff also complains that his grievances were improperly handled.  (Doc. 1, p. 11).   He blames this on a "structural error" in the in-house grievance process, which allows prison officials to manipulate the process in order to prevent inmates from obtaining relief in prison or in the courts.  *Id*.   Plaintiff challenges the grievance procedure as violating his right to due process of law under the Fourteenth Amendment.  *Id*.

Plaintiff now sues Officer Houser, Officer Hundley, and Assistant Warden Goines for engaging in a campaign of retaliation and harassment against him in violation of the First, Eighth, and Fourteenth Amendments.  (Doc. 1).   Plaintiff seeks declaratory judgment and monetary damages.  (Doc. 1, p. 12).   He also seeks injunctive relief in the form of a prison transfer to one of the IDOC facilities listed in his request for relief.  *Id*.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the below enumerated counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1 –**  Eighth Amendment claim against Officer Houser, Officer Hundley, and Assistant Warden Goines for harassing Plaintiff beginning in July 2016.

**Count 2 –**  First Amendment retaliation claim against Officer Houser, Officer Hundley, and Assistant Warden Goines for responding to Plaintiff's grievances regarding sexual harassment by Officer Houser by threatening him, issuing him false disciplinary tickets, and/or taking his personal property.

**Count 3 -**   First and/or Fourteenth Amendment claim against Officer Houser, Officer Hundley, and Assistant Warden Goines for mishandling Plaintiff's grievances in an effort to prevent him from accessing the courts.

**Count 4 -**   Fourteenth Amendment claim against Officer Houser, Officer Hundley, and Assistant Warden Goines for depriving Plaintiff of a protected liberty interest without due process of law in connection with the issuance of false disciplinary tickets in August and December 2016.

**Count 5 -**   Eighth Amendment claim against Officer Houser, Officer Hundley, and Assistant Warden Goines for subjecting Plaintiff to unconstitutional conditions of confinement at Lawrence beginning in June 2016.

The Complaint articulates a viable Eighth Amendment claim against Officer Houser and Officer Hundley under Count 1 and a First Amendment retaliation claim against the same defendants under Count 2. Both claims shall be dismissed without prejudice against Assistant Warden Goines. Counts 3, 4, and 5 fail to state a claim upon which relief may be granted against any of the defendants and shall therefore be dismissed.

## <u>Claims Subject to Further Review</u>

### Count 1

The Eighth Amendment prohibits cruel and unusual punishment. However, isolated incidents of verbal harassment typically give rise to no Eighth Amendment claim. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). In the past, the Seventh Circuit Court of Appeals has indicated that "simple verbal harassment," when standing alone, does not constitute cruel and unusual punishment. *Id. See also Dobbey v. Ill. Dep't of Corrections*, 574 F.3d 443, 446

(7th Cir. 2009) ("[H]arassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment."). More recently, the Seventh Circuit has clarified that "simple," when used to describe verbal harassment in this context, is the wrong word. *Beal v. Foster*, 803 F.3d 356, 357-58 (7th Cir. 2015) (citing *DeWalt*, 224 F.3d at 612). "[W]hat is meant is 'fleeting,' too limited to have an impact." *Beal*, 803 F.3d at 357.

Verbal harassment may support an Eighth Amendment claim when it is directed at the plaintiff, accompanied by actions suggesting that it is not merely fleeting, and causes the plaintiff psychological pain. *Id*. The alleged pain that is sufficient to support a claim of cruel and unusual punishment may be either physical or psychological. *Id*. at 357-58 (citing *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012)). With that said, most verbal harassment still does not amount to cruel and unusual punishment. *Id*. (citing *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986)).

But some does. *See Beal*, 803 F.3d at 358. At this stage, the allegations in the Complaint support a claim against Officer Houser. The officer's verbal harassment of Plaintiff in July 2016 was sexual in nature and directed at Plaintiff, who expressed much anxiety in numerous written grievances. Officer Houser continued harassing Plaintiff into November 2016, when Plaintiff requested the intervention of a crisis team or counselor. This situation is unlike *DeWalt*, where an officer's sexual comments about a third party supported no Eighth

Amendment claim.  The factual allegations offered here are more akin to *Beal*, where sexual comments were directed at Plaintiff while he was alone and were followed by other intimidating comments or actions.  Count 1 shall receive further review against Officer Houser.

This claim shall also proceed against Officer Hundley, who made threatening comments to Plaintiff.  According to the Complaint, this defendant repeatedly told Plaintiff that his days at the prison "were limited," among other things.  Threats and gestures made by correctional officers may amount to cruel and unusual punishment under the Eighth Amendment, if they include a threat of grave harm to Plaintiff or increase the likelihood that Plaintiff will suffer harm.  *See, e.g., Hughes v. Farris*, 809 F.3d 330, 333 (7th Cir. 2015) (citing *Dobbey*, 574 F.3d at 445).  *See also Beal*, 803 F.3d at 357-58.  In this case, Officer Hundley then engaged in "perpetual" harassment of Plaintiff, by repeatedly threatening him, issuing him a false disciplinary ticket, and possibly taking his personal property.  When considering the totality of these circumstances, the Court finds that Count 1 warrants further review against Officer Hundley.

This claim shall be dismissed against Assistant Warden Goines.  Plaintiff alleges that this defendant took too long (*i.e.*, "months") to respond to his grievance(s) complaining about Officer Houser.  However, it is unclear how many months.  More importantly, the allegations do not suggest that the assistant warden ignored Plaintiff's grievance(s).  When he responded, Warden Goines told Plaintiff that internal affairs would investigate the matter.  The allegations suggest

that they were already doing so.   The fact that this defendant delayed telling Plaintiff about an investigation that was already under way does not amount to deliberate indifference.   Further, Plaintiff sets forth no allegations suggesting that Warden Goines was aware of a specific threat of harm and failed to take necessary steps to protect him from it.   Given the allegations, the Complaint fails to state a claim under Count 1 against Assistant Warden Goines.

Accordingly, Count 1 shall receive further review against Officer Houser and Officer Hundley.   However, this claim shall be dismissed without prejudice against Warden Goines.

### Count 2

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about the conditions of their confinement.   *See, e.g., Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012).   "[A]n act taken in retaliation for the exercise of free speech or the right to seek redress under the First Amendment violates the Constitution."   *Surita v. Hyd*, 665 F.3d 860, 874 (7th Cir. 2011).   This is true, even if the retaliatory act gives rise to no independent constitutional claim.

To state a retaliation claim, a plaintiff must demonstrate that (1) his speech was constitutionally protected; (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a "substantial factor" or "motivating factor" in the defendant's challenged actions. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012); *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th

Cir. 2012). The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

The Complaint sets forth sufficient allegations to support a retaliation claim against Officer Houser and Officer Hundley. In response to Plaintiff's grievance(s) addressing Officer Houser's conduct in July 2016, both of these individuals took actions that were aimed at deterring Plaintiff from engaging in protected speech. Officer Houser allegedly engaged in "stalking" behavior before conducting at least one "harassing" pat down search of Plaintiff in November 2016. Officer Hundley warned Plaintiff of trouble if he continued pursuing his grievance(s) against Officer Houser. He then threatened Plaintiff, issued him a false disciplinary ticket, and possibly took his personal property. At this early stage, Count 2 shall proceed against Officer Houser and Officer Hundley.

This claim shall be dismissed without prejudice against Warden Goines for failure to state a claim upon which relief may be granted. In the case of defendants who are in supervisory positions, the doctrine of *respondeat superior* is inapplicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff must demonstrate that each defendant was "personally responsible for the deprivation of a constitutional right." *Id*. Plaintiff includes insufficient allegations to this effect in the Complaint.

Warden Goines cannot be liable merely because he supervised a person

who caused a constitutional violation.  The assistant warden's delay in speaking with Plaintiff about his grievance also does not support a retaliation claim.  It is unclear whether this defendant delayed his response to the grievance or merely delayed his conversation with plaintiff about his response.  Plaintiff cannot rely on vague, bald, or conclusory assertions of retaliation when bringing a claim under § 1983.  Under the circumstances, Count 2 shall be dismissed without prejudice against Warden Goines.  However, this claim shall proceed against Officer Houser and Officer Hundley.

## Claims Subject to Dismissal

### Count 3

The fact that one or more of the defendants may have mishandled a grievance from Plaintiff gives rise to no constitutional claim.  *See Sanville*, 266 F.3d at 740.  It is well-settled that the mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."  *Antonelli*, 81 F.3d 1422, 1430 (7th Cir. 1996).  The Constitution requires no procedure.  *Id*.  Therefore, the failure of state prison officials to follow their own procedures does not, by itself, violate the Constitution.

*Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

Further, the mishandling of grievances generally gives rise to no claim for the denial of access to the courts.  This is because the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, only requires prisoners to exhaust "available" administrative remedies before pursuing a claim in federal court.  If the administrative grievance process is rendered unavailable by prison officials who ignored or delay responses to grievances, the PLRA's exhaustion requirement is satisfied.  *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015).  There is no impediment to filing suit.  *Id.*

The Complaint supports no Fourteenth Amendment due process claim or First Amendment court access claim against the defendants based on their mishandling of Plaintiff's grievances.  Accordingly, Count 3 shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### Count 4

In the Complaint, Plaintiff takes issue with two disciplinary tickets he received.  The first was issued by Officer Reeves in August 2016, and the second was issued by Officer Hundley in December 2016.  The allegations support no claim against the defendants based on the issuance of either ticket, but for different reasons.

According to the Complaint, the three named defendants had no involvement in issuing the first ticket.  (Doc. 1, p. 7).  Officer Reeves is the only

individual who is mentioned in connection with this ticket, and this officer is not named as a defendant in this action.  The Seventh Circuit has indicated that a defendant must be "specif[ied] in the caption" to be properly considered a party. *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005).  Further, Plaintiff offers no details regarding the disciplinary hearing, including who presided at the hearing or the punishment that resulted.  *Id*.   There is no suggestion that the defendants were involved in the hearing itself.  *Id*.   Absent any personal involvement, the Complaint supports no claim against the defendants in connection with the first disciplinary ticket.  *Sanville*, 266 F.3d at 740.

The Complaint and exhibits also support no claim against the defendants for the second disciplinary ticket.  Officer Hundley is named in connection with this false disciplinary ticket.  Even if this officer issued Plaintiff a false ticket, "due process safeguards associated with prison disciplinary proceedings are sufficient to guard against potential abuses[,] [and a] hearing before a presumably impartial Adjustment Committee terminates an officer's possible liability for the filing of an allegedly false disciplinary report."  *Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994), aff'd, 70 F.3d 117 (7th Cir. 1995) (citations omitted).  Plaintiff does not allege that the disciplinary hearing on the ticket was flawed.  Instead, he alleges that the internal affairs officers investigated the ticket, agreed that it was unsupported, and recommended dismissal of the ticket.  Plaintiff was released from segregation the next day.  In other words, he received all process that was due.

Although Plaintiff goes on to allege that he was found guilty of insolence at a disciplinary hearing on December 12, 2016, his allegations establish no connection between the ticket for assaulting a prison official and the ticket for insolence.  It is therefore unclear whether Officer Hundley played any role in the issuance of the ticket for insolence.

However, the Court will assume for purposes of this discussion that the ticket for insolence arose from Officer Hundley's original ticket for assaulting a prison official.  Even operating under this assumption, the Complaint supports no due process claim against this defendant or anyone else.  No right to due process is triggered in the first place, unless a protected liberty interest is at stake.  Plaintiff's exhibits reveal that he was punished with three days of segregation and a loss of privileges as a result of the second disciplinary ticket.  (Doc. 1-2, p. 26).  No liberty interest arises from the loss of privileges and an "inmate's liberty interest in avoiding segregation is limited."  *Hardaway v. Meyerhoff*, 734 F.3d 740 (7th Cir. 2013) (quoting *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)).  Under a narrow set of circumstances, an inmate punished with segregation can pursue a claim for deprivation of a liberty interest without due process of law.  *See Marion*, 559 F.3d at 697-98.  Plaintiff's Complaint does not present such circumstances.

Whether a protected liberty interest is implicated depends on whether confinement in segregation "imposed an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  *Hardaway*, 734 F.3d

at 743 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Courts must consider two factors in making this determination: "the combined import of the duration of the segregative confinement *and* the conditions endured." *Id.* at 743 (citing *Marion*, 559 F.3d at 697-98) (emphasis in original)).

The Seventh Circuit has held that "relatively short terms of segregation rarely give rise to a prisoner's liberty interest" in the absence of exceptionally harsh conditions. *Hardaway*, 734 F.3d at 743. For these relatively short periods, inquiry into the specific conditions of confinement is unnecessary. *See, e.g.*, *Holly v. Woolfolk,* 415 F.3d 678, 679 (7th Cir. 2005) (2 days); *Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008) (59 days); *Hoskins v. Lenear*, 395 F.3d 372, 374-75 (7th Cir. 2005) (60 days) *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1998) (holding that no liberty interest was implicated when considering prisoner's twelve-year sentence) (70 days). Given that Plaintiff's term of segregation was very short and his Complaint is utterly devoid of allegations addressing the conditions he endured, the Court finds no indication that a protected liberty interest was at stake or that Plaintiff was entitled to due process because of it. Accordingly, Count 4 shall be dismissed without prejudice against Officer Hundley and all other defendants.

### Count 5

The Eighth Amendment proscription against cruel and unusual punishment has been a means of improving prison conditions that are constitutionally unacceptable. *See, e.g.*, *Robinson v. California*, 370 U.S. 660, 666 (1962);

*Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994).  Prison officials violate the Eighth Amendment when they exhibit deliberate indifference to prison conditions that deny "the minimal civilized measure of life's necessities," including "adequate sanitation and personal hygiene items."  *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted)).  "[C]onditions of confinement, even if not individually serious enough to work constitutional violations, may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'"  *Id.* (citations omitted)).

Plaintiff generally challenges the conditions of his confinement at Lawrence without indicating what conditions he believes violated his constitutional rights. (Doc. 1; Doc. 1-2).  The Court reviewed Plaintiff's Complaint and his exhibits for insight into these conditions, only to conclude that Plaintiff seeks to bring an independent claim based on the same facts offered in support of his harassment and retaliation claims.  But these allegations do not support a separate Eighth Amendment claim and open no new door to relief.  Because Plaintiff can have only one recovery, the Court recognizes no independent Eighth Amendment claim against the defendants based on unconstitutional conditions of confinement. Count 5 shall therefore be dismissed without prejudice against the defendants for failure to state a claim upon which relief may be granted.

**Claims Against Non-Parties**

Any claim that Plaintiff intended to bring against individuals who are mentioned in his statement of claim but not named as defendants in the case caption are considered dismissed without prejudice from this action. Plaintiff referred to a number of individuals in the Complaint who are not named as defendants, even in generic terms, including an unidentified officer, unidentified internal affairs officers, Officer Reeves, Lieutenant Wheeler, Warden Duncan, and Sarah Johnson, among others. He did not name any of these individuals as defendants in the case caption or the list of defendants in his Complaint. (Doc. 1, p. 1). As a general rule, this Court will not treat individuals who are not included in the caption of the Complaint as defendants, and any claims against these individuals should be considered dismissed without prejudice. Under Rule 10(a) of the Federal Rules of Civil Procedure, the title of the Complaint "must name all the parties." *See* FED. R. CIV. P. 10(a). Further, a defendant must be "specif[ied] in the caption" to be properly considered a party. *Myles*, 416 F.3d at 551-52. Accordingly, all claims against these individuals are considered dismissed without prejudice.

**<u>Interim Relief</u>**

Plaintiff requests injunctive relief in the form of a prison transfer because he fears retaliation by prison officials. (Doc. 1, p. 12). To the extent he seeks an immediate transfer, Plaintiff's request is subject to denial at this time for several reasons. First, Plaintiff did not file a separate motion seeking a temporary

restraining order and/or preliminary injunction under Rule 65(a) or (b) of the Federal Rules of Civil Procedure.  He also did not request either form of urgent relief in his Complaint.  He did not seek "immediate" or "emergency relief." Second, "prisoners possess neither liberty nor property in their classifications and prison assignments.  States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)).  *See also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison).  Third, Plaintiff describes no recent conduct that would support such a request.  For example, he does not complain about recent acts of retaliation by prison officials, recent deprivations of his constitutional rights, or problems with his current cell assignment.  The conduct giving rise to his claims occurred between July and December 2016, several months before he filed this suit.

Under the circumstances, Plaintiff's request for a prison transfer -- to the extent it is an immediate transfer -- is **DENIED** without prejudice.  Plaintiff may renew his request by filing a Motion for Temporary Restraining Order and/or Preliminary Injunction pursuant to Rule 65 at any time he deems it necessary to do so during the pending action.  His request for injunctive relief otherwise remains, and the Warden of Lawrence Correctional Center, in his or her official capacity, shall be added as a defendant for the sole purpose of carrying out any injunctive relief that is ordered.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315

(7th Cir. 2011); *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d).

**Pending Motion**

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which shall be referred to a United States Magistrate Judge for a decision.

**Disposition**

The Clerk is directed to **ADD** the **WARDEN OF LAWRENCE CORRECTIONAL CENTER, in his or her official capacity only,** as a defendant for the sole purpose of carrying out any injunctive relief that is ordered.

**IT IS HEREBY ORDERED** that **COUNTS 1** and **2** are subject to further review against Defendants **C/O HOUSER** and **DEREK HUNDLEY**.  However, these claims are **DISMISSED** without prejudice against Defendant **RUSSEL GOINES** for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 3** is **DISMISSED** with prejudice against all of the defendants for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNTS 4** and **5** are **DISMISSED** without prejudice against all of the defendants for failure to state a claim upon which relief may be granted.

As to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **C/O HOUSER, DEREK HUNDLEY,** and **WARDEN OF LAWRENCE CORRECTIONAL CENTER (in his or her official capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a

copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading

to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall

be done in writing and not later than **7 days** after a transfer or other change in address occurs.   Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.   *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 29th day of March, 2017.

Judge Herndon
2017.03.29
17:01:36 -05'00'

**UNITED STATES DISTRICT JUDGE**