IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


RONNIE GULLY, JR.

    **Plaintiff,**

v.                                               No. 17-cv-211-DRH-SCW

THOMAS HOUSER, DEREK HUNDLEY,
and NICHOLAS LAMB,

    **Defendants.**


## MEMORANDUM and ORDER

**HERNDON, District Judge:**

    This matter comes before the Court on the Report and Recommendation ("the Report") issued by Magistrate Judge Stephen C. Williams on August 17, 2018 (doc. 57). The Report recommends that the Court deny plaintiff Gully's motion for preliminary injunction as moot. Based on the applicable law, the record, and the following, the Court **ADOPTS** the Report (doc. 57) in its entirety and **DENIES AS MOOT** the motion for preliminary injunction (doc. 23).

    Concisely, plaintiff brought this pro se action for deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983 while incarcerated at Lawrence Correctional Center. Plaintiff alleges retaliation and harassment claims in violation of the First and Eighth Amendments against defendants Houser and Hundley. In his motion for preliminary injunction, plaintiff seeks transfer out of

1

Lawrence Correctional Center into a different IDOC facility[1] in order to escape and avoid further verbal harassment and threats. In their response to the motion, defendants claim plaintiff's request has been rendered moot as he was transferred to Pickneyville Correctional Center sometime in either November or December 2017.

Magistrate Judge Williams issued his Report pursuant to 28 U.S.C. § 636(b)(1)(B) recommending the Court deny plaintiff's motion as moot as plaintiff "has already received the relief he requested[.]" Doc. 57 at 5. The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service the Report. To date, none of the parties filed objections and the period in which to file objections has expired. Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review, *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985), but rather review the Report for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court finds no such error.

Plaintiff's request for injunctive relief is rendered moot by transfer to another prison. *See e.g. Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008). However, a request for injunctive relief can still be valid if a prisoner can demonstrate a likelihood to be retransferred back to the original facility. *Higgason v. Farley*, 83 F.3d 807, 812 (7th Cir. 1996). But, as the Report states, plaintiff makes no showing in his motion that he is likely to be retransferred back

---

[1] The Court notes plaintiff stated he wished to avoid certain facilities due to the possibility that the facilities "contain enemies that are out to get" plaintiff. Doc. 23 at ¶ 40. However, plaintiff provided no further facts to substantiate that claim.

to Lawrence Correctional Center. Thus, the requested relief has been rendered moot by plaintiff's transfer to Pickneyville.

Accordingly, the Court **ADOPTS** the Report (doc. 57) and **DENIES as MOOT** the pending motion for preliminary injunction (doc. 23).

**IT IS SO ORDERED.**

Judge Herndon
2018.09.10
13:11:09 -05'00'

United States District Judge