IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONNIE GULLY JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3: 17-CV-211-NJR-MAB ) |
| DEREK HUNDLEY, THOMAS HOUSER and WARDEN NICHOLAS LAMB, | ) ) ) |
| Defendants. | |

## ORDER

**BEATTY, Magistrate Judge:**

*Pro se* Plaintiff Ronnie Gully, Jr., an incarcerated inmate, brought this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. This matter is currently before the Court on Plaintiff's Motion to Appoint Counsel (Doc. 61). For the reasons stated herein, the Court **DENIES** Plaintiff's motion.

### RECRUITMENT OF COUNSEL

In a September 20, 2017 Order (Doc. 17), Magistrate Judge Stephen C. Williams denied Plaintiff's motion for recruitment of counsel (Doc. 3) and, in the event he should move for recruitment of counsel at a later date, directed Plaintiff to: (1) contact at least three attorneys regarding representation in this case whom he had not already contacted; (2) include in the motion the names and addresses of these attorneys, and (3) if available, attach the letters from any attorney or attorneys who decline representation.

As a litigant in a civil case, Plaintiff Gully has no right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). This Court has discretion, however, to recruit counsel to represent indigent plaintiffs in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Determining whether to appoint counsel is a two-step inquiry. *Pruitt*, 503 F.3d at 655. The threshold inquiry is whether the indigent plaintiff has made a reasonable attempt to obtain counsel. *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010). Only if the threshold inquiry has been satisfied will the Court then consider the second prong, which is whether the plaintiff appears competent to litigate the case given its difficulty. *Pruitt*, 503 F.3d at 655.

Plaintiff has failed to sufficiently demonstrate that he has made a "reasonable attempt" to obtain counsel for this suit. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010); *Brock v. Beelman Co.,* 2010 WL 1692769, at * 2 (S.D.Ill. April 27, 2010). As previously mentioned, the Court directed Plaintiff to include in his motion the names and addresses of these attorneys and if available, attach the letters from any attorney or attorneys who declined representation. Plaintiff failed to follow the Court's directive by not including the addresses of the attorneys he contacted and attaching the letter from the attorney who declined representation. In failing to demonstrate his reasonable attempts to obtain counsel, Plaintiff has failed to make the threshold showing.

Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs him to (1) contact at least three attorneys regarding representation in this case whom he has not already contacted; (2) include in the motion the names and addresses of these attorneys; and (3) if available, attach the letters from any attorney or attorneys

who decline representation. Accordingly, Plaintiff's Motion to Recruit Counsel (Doc. 61) is **DENIED without prejudice**.

    IT IS SO ORDERED.

    DATED: January 8, 2019

<u>s/ Mark A. Beatty</u>
MARK A. BEATTY
**United States Magistrate Judge**