IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONNIE GULLY, JR.,

           **Plaintiff,**

v.

DEREK HUNDLEY and
THOMAS HOWSER,

           **Defendants.**

Case No. 3:17-CV-211-NJR-MAB

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Report and Recommendation of Magistrate Judge Mark A. Beatty (Doc. 87), in which he recommends the undersigned deny the Motion for Summary Judgment filed by Plaintiff Ronnie Gully, Jr. (Doc. 62). For the reasons set forth below, the Court adopts the Report and Recommendation and denies Gully's motion for summary judgment.

## BACKGROUND

Gully, an inmate in the Illinois Department of Corrections, filed this action under 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred at Lawrence Correctional Center. (Doc. 1). After threshold review of his complaint under 28 U.S.C. § 1915A, Gully was permitted to proceed on the following claims:

    **Count 1:**    Eighth Amendment claim against Officer Houser and Officer Hundley for harassing Plaintiff beginning in July 2016.

    **Count 2:**    First Amendment retaliation claim against Officer Houser and Officer Hundley for responding to Plaintiff's grievances

> regarding sexual harassment by Officer Houser by threatening him, issuing him false disciplinary tickets, and/or taking his personal property.

(Doc. 7).

On September 25, 2018, Gully filed a motion for summary judgment (Doc. 62). At the outset of his declaration in support of summary judgment, Gully stated: "I solemnly swear that all factual elements and variables in my original civil action are true; I further certify the reliability and truthfulness to my exhibits and statements." (Doc. 62-1). He also signed the declaration under penalty of perjury that his statements were true and correct. Accordingly, the Court considers Gully's factual allegations, to the extent he made them based on personal knowledge, to be competent summary judgment evidence. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) (quoting *Ford v. Wilson*, 90 F.3d 245, 246 (7th Cir. 1996) (a verified complaint is "the equivalent of an affidavit for purposes of summary judgment, because it 'contains factual allegations that if included in an affidavit or deposition would be considered evidence, and not merely assertion.'").

The material facts as set forth in Gully's statement of facts, as well as his declaration and verified complaint, are largely disputed. In his verified complaint, Gully claims that Defendants Thomas Howser[1] and Derek Hundley retaliated against him for filing grievances about inappropriate sexual comments that Howser made to him in July 2016. (Doc. 7). Specifically, Gully alleges that in July 2016, Howser escorted Gully to the restroom where he then strip-searched Gully and, in the process, made inappropriate

---

[1] The Clerk of Court is **DIRECTED** to correct Defendant's name on the docket to Thomas Howser.

sexual comments to Gully. (Doc. 62-1 at p. 4).

Gully filed a grievance on August 15, 2016, detailing the acts of sexual harassment. (Doc. 62-1 at p. 5). On August 20, 2016, Howser stopped Gully in the chow hall and told him he had gotten wind of the grievances Gully had filed (*Id.*). Howser told Gully he would "never get away." (*Id.*).

On August 22, 2016, Gully was issued an allegedly fabricated disciplinary ticket by Officer Reeves, "a fellow colleague of Mr. Houser[sic] whom he's worked with for the last 15 years." (Doc. 62-1 at p. 5). Gully ultimately was found guilty of the ticket and sent to segregation. (*Id.*).

Gully continued to write grievances about staff conduct and his fear of more retaliatory acts. (*Id.*). He also spoke with Internal Affairs prior to his release from segregation about his fears. (*Id.* at p. 6). Once released from segregation, he claims Howser began stalking him and making more threats.

On November 26, 2016, Gully was transferred away from Howser to a different area of the prison (Doc. 62-1, p. 7). On November 28, 2016, Hundley approached Gully and said that "he's been hearing [Gully's] name throughout the institution." (*Id.*). Hundley further told Gully he "didn't understand the can of worms [he's] opened by fucking with Howser" and to lay off Howser or Hundley would make life a living hell. (*Id.*). The following day, Gully had a sick call pass, and Hundley escorted him back to his cell. Claiming Gully elbowed him, Hundley then said, "if you ever do that again I'll walk your ass, no you know what pack your shit you're going to seg." (*Id.*). Gully was taken to segregation and issued a ticket for assaulting a prison staff member, which constitutes

a new criminal charge and can result in additional time added to his sentence. (*Id.*).

When Gully was released from segregation, he found his recently purchased food items were gone, and the officer who inventoried his items was Hundley. (*Id.* at p. 8). Three days later, Gully was found guilty of a ticket for insolence—not assaulting a prison staff member—and lost several privileges, including phone privileges during the holiday season. (*Id.*). Gully filed grievances about this retaliation and being found guilty of something he was never charged with. (*Id.*). Gully asserts he has continued to be harassed and threatened with physical violence due to his grievance filing. (*Id.*).

In response to Gully's motion for summary judgment, Howser attested that he has never harassed, sexually harassed, or made any inappropriate sexual comments to an inmate. (Doc. 77-1). Furthermore, has never retaliated against an inmate or threatened an inmate for filing grievances or PREA complaints. (*Id.*). He also has never written or observed an inmate being issued a false disciplinary report. (*Id.*). Finally, he has never illegally searched an inmate's cell or illegally confiscated an inmate's property. (*Id.*).

Hundley also provided an affidavit attesting that he has never harassed or made inappropriate threatening comments to an inmate, he has never retaliated against or threatened an inmate for filing grievances or PREA complaints, he has never written or observed an inmate being issued a false disciplinary report, and he has never illegally searched an inmate's cell or illegally confiscated an inmate's property. (Doc. 77-2).

Judge Beatty entered the Report and Recommendation currently before the Court on July 1, 2019 (Doc. 87). Judge Beatty recommends denying summary judgment to Gully because there are genuine issues of material fact that preclude the entry of summary

judgment. Gully filed a timely objection on July 12, 2019 (Doc. 88).

## LEGAL STANDARDS

When timely objections are filed, the Court must undertake *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). This requires the Court to look at all evidence contained in the record, give fresh consideration to those issues to which specific objections have made, and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Summary judgment is proper only if the moving party can demonstrate "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *see also Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential

element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*

## DISCUSSION

In his Report and Recommendation, Judge Beatty found that Gully is not entitled to summary judgment because there are issues of fact that must be resolved by a jury. He noted that when reviewing the facts in the light most favorable to the non-movant—here, Defendants—Gully failed to demonstrate that there was no genuine issue of material fact and that he was entitled to judgment as a matter of law.

Gully objects to the Report and Recommendation, calling Judge Beatty "indifferent and irrational" and implying he is not impartial and a lazy and arbitrary decisionmaker for not granting him summary judgment based on his evidence. In addition to inappropriate name-calling of a judge, Gully's basis for his objection ignores Defendants' evidence. The Seventh Circuit has consistently held that sworn testimony in the form of an affidavit is competent evidence at summary judgment that must be considered by the Court. *See, e.g., McKinney v. Office of Sheriff of Whitley Cty.*, 866 F.3d 803, 814 (7th Cir. 2017). So while Gully has presented certain evidence and his own attestations, the Court must also consider Defendants' affidavits as evidence.

As to Gully's claims in Count 1 for harassment, simple verbal harassment and use of repugnant words typically does not constitute cruel and unusual punishment under the Eighth Amendment. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). "Relationships between prisoners and prison staff are not always marked by genteel language and good

manners." *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019). Where the harassment inflicts significant psychological or physical harm, however, the Eighth Amendment may be implicated. *Id.* at 718.

Here, Gully claims Howser made inappropriate sexual comments to him while performing a strip search. For his part, Howser denies harassing, sexually harassing, or making any inappropriate sexual comments to an inmate. On summary judgment, the Court must review the evidence and all reasonable inferences in a light most favorable to Defendants, the non-movants. When doing so, the Court finds that Gully has failed to establish that there are no material facts in genuine dispute and that he is entitled to judgment as a matter of law as to his harassment claim.

With regard to his retaliation claim, Gully must prove that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014).

Here, Gully wrote grievances, a protected First Amendment activity. He also asserts he was issued false disciplinary tickets and items in his cell were stolen as a result of his grievance-writing. He has not proven, however, that his First Amendment activity was at least a motivating factor in the decision to impose the deprivation when Defendants attested that they have never retaliated against an inmate, threatened an inmate for writing grievances, written a false disciplinary report, or illegally confiscated an inmate's property. Again, when reviewing the evidence in a light most favorable to Defendants, the Court finds that genuine issues of material fact exist that preclude the

entry of summary judgment for Gully. Accordingly, his motion must be denied.

## Conclusion

For these reasons, the Court **OVERRULES** the objection filed by Plaintiff Ronnie Gully, Jr. (Doc. 88), **ADOPTS** the Report and Recommendation of Magistrate Judge Beatty (Doc. 87), and **DENIES** the Motion for Summary Judgment filed by Plaintiff Ronnie Gully, Jr. (Doc. 62).

Because Defendants have not filed a motion for summary judgment, Magistrate Judge Beatty is **DIRECTED** to set this case for a settlement conference.

**IT IS SO ORDERED.**

DATED: September 27, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**